OPINION
{¶ 1} Defendant-Appellant, Brian Warnimont, appeals a judgment of the Common Pleas Court of Putnam County, sentencing him upon his conviction for assault in violation of R.C.2903.13(B) and (C)(4). On appeal, Warnimont contends that the trial court erred in failing to give him jail-time credit for the time he spent in a residential treatment facility, where he was ordered to reside as a condition of his bond. Based on the fact that the treatment facility was not a secured facility, we affirm the judgment of the trial court.
 {¶ 2} In July of 2003, Warnimont was involved in an altercation with a Putnam County Sheriff's Deputy. Warnimont was initially charged with underage consumption. At his arraignment for the underage consumption, the Putnam County Court initially issued a two thousand dollar cash or surety bond with the conditions that Warnimont not consume alcohol or enter any establishments that serve alcohol on the premises. Warnimont requested and the State did not object to the setting of a lower bond upon the condition that Warnimont enter into an alcohol treatment facility or program. The trial court granted Warnimont's equest. On August 4, 2003, Warnimont enrolled himself at Fresh Start, a private residential treatment facility.
 {¶ 3} On August 15, 2003, a grand jury indicted Warnimont for felonious assault,[1] based upon his involvement in the above altercation. At his arraignment, in the Common Pleas Court of Putnam County on the charge of felonious assault, Warnimont's bond was transferred and set as a personal recognizance bond upon the condition that Warnimont continue to reside at Fresh Start.
 {¶ 4} On December 9, 2003, Warnimont was discharged from Fresh Start, based upon his successful completion of the program. As a result, Warnimont filed a motion to modify the conditions of his release upon the grounds that he could no longer comply with the condition that he reside at Fresh Start. The trial court granted Warnimont's motion to modify and released him on his own recognizance.
 {¶ 5} In January of 2004, Warnimont entered a plea of guilty to the amended charge of assault in violation of R.C. 2903.13(B) and (C)(4), a felony of the fourth degree.[2]
 {¶ 6} Subsequently, a sentencing hearing was held. At that hearing, the trial court heard testimony to determine whether Warnimont should receive jail-time credit for the number of days spent at Fresh Start. According to Warnimont, because he was ordered to reside at Fresh Start as a condition of his bond, he should receive jail-time credit for the time he spent there. To support his position, Warnimont presented the testimony of Fresh Start counselor, Bobbie Crisenberry.
 {¶ 7} According to Crisenberry, residents of Fresh Start are not free to leave at their discretion. When a person first checks in, he is placed on a twenty-one day restriction during which he cannot receive phone calls, visitors or passes to leave the facility. After that time, passes to leave the facility may be requested and will be granted under certain conditions. Additionally, Crisenberry stated that if a person leaves the facility without permission, Fresh Start would immediately notify the trial court that the resident had left and that person would not be considered for readmission for at least thirty days.
 {¶ 8} However, Crisenberry went on to state that while there is a person on duty twenty-four hours a day, seven days a week to monitor the facility, Fresh Start is not a "locked down" facility. Fresh Start has no guards to keep residents from leaving, and residents are free to leave on their own volition. Finally, Fresh Start is a private facility, not a State or County CBCF.
 {¶ 9} Following the hearing and upon review of pre-sentence investigation report, Warnimont was sentenced to a term of eleven months in prison and ordered to pay restitution. Warnimont was given jail-time credit for his time spent in jail, but not for his time spent at Fresh Start. It is from this sentence Warnimont appeals, presenting the following assignment of error for our review.
The trial court erred when it failed to give Appellant creditfor time spent in a residential treatment facility as a conditionof bond.
 {¶ 10} In his sole assignment of error, Warnimont asserts that the trial court should have given him jail-time credit for his time spent at Fresh Start, because it was a condition of his bond. We disagree.
 {¶ 11} Under R.C. 2967.191, jail-time credit will be awarded in the following manner:
The department of rehabilitation and correction shall reducethe stated prison term of a prisoner * * * by the total number ofdays that the prisoner was confined for any reason arising out ofthe offense for which the prisoner was convicted and sentenced,including confinement in lieu of bail while awaiting trial,confinement for examination to determine the prisoner'scompetence to stand trial or sanity, and confinement whileawaiting transportation to the place where the prisoner is toserve the prisoner's prison term.
 {¶ 12} In State v. Hull, 3d Dist. No. 9-02-51, 2003-Ohio-396, ¶ 10, this Court stated:
This statute includes confinement in any community-basedcorrectional facility ("CBCF"). A CBCF is a `secure facility thatcontains lockups and other measures sufficient to ensure thesafety of the surrounding community.' Time spent in arehabilitation facility where one's ability to leave whenever heor she wishes is restricted may be confinement for the purposesof R.C. 2967.191. To determine whether one has been confined, thetrial court must conduct a hearing on the nature of therehabilitation program. (citations omitted.)
 {¶ 13} In the case sub judice, the trial court heard evidence as to the nature of the Fresh Start program and properly determined that it was not a secure facility.
 {¶ 14} While Fresh Start did not allow its clients to come and go as they wished, there were no imposed restraints upon Warnimont's liberties. The program was a condition of his bond; however, Warnimont had asked the trial court for this concession and had voluntarily admitted himself into the Fresh Start program. Finally, Fresh Start was not a secure guarded facility, and, as a result, Warnimont could have left the facility at any time. See, also, State v. Nagle (1986), 23 Ohio St.3d 185, 186
("Under Ohio law no statutory requirement is given the courts to credit time spent in a rehabilitation facility prior to commencement of sentence.")
 {¶ 15} Accordingly, the sole assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp and Bryant, J.J., concur.
[1] While the indictment incorrectly states "ASSAULT," as opposed to felonious assault, the indictment included the proper elements and R.C. section number for felonious assault.
[2] Additionally, we note that while assault on a police officer, pursuant to R.C. 2903.13(B) and (C)(4), is not automatically a lesser included offenses of felonious assault, pursuant to R.C. 2903.11(A)(1), the original indictment properly included all necessary charging elements for the lesser charge. Accordingly, Warnimont was properly apprised of all necessary elements, and an amended indictment or bill of information was not required.